IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANICE AUSTIN,** : | **CIVIL NO. 1:CV-04-2273** |
| **Plaintiff** : | |
| : | |
| **v.** : | |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM AND ORDER

Before the court is a complaint filed pursuant to 42 U.S.C. § 1983. The defendant in this action is designated as the Commonwealth of Pennsylvania. In the body of the complaint, Plaintiff names other state agencies but does not identify persons by name. Even though the Commonwealth of Pennsylvania has filed a motion to dismiss and a supporting brief that raises arguments supporting dismissal, Plaintiff will be granted leave to amend. *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).

Dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice or futility. *Id.* at 115. The first three bases do not appear to be present. This court cannot determine the futility issue based on the pleading.

The court recognizes that a heightened pleading requirement for civil rights complaints is not required. *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004). However, as the complaint now stands, it does not comply with the requirements of Federal Rule Civil Procedure 8(a) of a "short and plain statement."

Plaintiff claims she has been subjected to (1) racial discrimination; (2) disability discrimination; (3) malicious prosecution; (4) violation of civil rights; (5) mental abuse; (6) false arrest, illegal prosecution; and (7) sexual harassment. The complaint does not state who specifically was involved in these allegations, when these events occurred nor some idea of the nature of the alleged violations. As the complaint now stands, the Commonwealth of Pennsylvania and unidentified state agencies would be exempt from suit pursuant to the Eleventh Amendment.

**IT IS THEREFORE ORDERED THAT**:

1) Disposition of Defendant's motion to dismiss is deferred.

2) Plaintiff shall have until July 15, 2005 to file an amended complaint.

3) Plaintiff shall, by a separate paragraph, identify each specific act of discrimination with a short statement of the events underlying the claim, the date of the event(s) and the names of the defendant(s) involved in the event.

4) Plaintiff shall also set forth the remedy she seeks.

5) Any claims alleging denial of her equal rights in the alleged loss of jewelry will be stricken from the amended complaint as that issue has been addressed in another suit and the claim dismissed.

6) Failure to comply with this order will result in dismissal of the captioned action.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: July 1, 2005.